NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMES TERMINIELLO, CHARLES WITKOWSKI, and JOSEPH T. HADALA, on behalf of themselves and all others similarly situated,<br><br>       Plaintiff,<br><br>     v.<br><br>NEW JERSEY MOTOR VEHICLE COMMISSION, RAYMOND P. MARTINEZ, individually and in his official capacity as Chief Administrator of the New Jersey Motor Vehicles Commission, YAMILETH CONTRERAS, individually and in her official capacity as Acting State Registrar of Vital Statistics, and LEXISNEXIS VITALCHEK NETWORK INC. f/k/a VitalChek Network, Inc. d/b/a VitalChek Network, a LexisNexis Company, a Tennessee corporation,<br><br>       Defendants. | **OPINION**<br><br>Civ. No. 11-3359 (WHW) |

**Walls, Senior District Judge**

  Plaintiffs have brought a Motion for Reconsideration of the Court's September 13, 2011 letter order, which denied Plaintiffs' proposal to adjourn Defendant LexisNexis VitalChek Network, Inc.'s ("VitalChek") Motion to Dismiss. Pursuant to Rule 78 of the Federal Rules of Civil Procedure, the motions are decided without oral argument. Plaintiffs' Motion for Reconsideration is granted.

**NOT FOR PUBLICATION**

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs filed a special complaint in lieu of prerogative writs on May 16, 2011 in the Superior Court of New Jersey, Appellate Division on behalf of themselves and as a putative class. (Not. of Removal ¶1, Compl. ¶10.) On June 9, 2011, defendant VitalChek removed the case to this Court based on federal question jurisdiction pursuant to 28 U.S.C. § 1331 and as a class action pursuant to 28 U.S.C. 1453(b). (Not. of Removal ¶5.) VitalChek asserts that Plaintiffs failed to properly serve co-defendants New Jersey Motor Vehicle Commission, Raymond Martinez, and Yamileth Contreras. (Id. ¶6.) On July 12, 2011, VitalChek filed a Motion to Dismiss the Plaintiffs' complaint. Plaintiffs did not file opposition papers to VitalChek's motion to dismiss but instead, on August 22, 2011, requested that the motion to dismiss be put in abeyance pending "resolution of the state defendants' defaulting conduct" and to allow Plaintiffs to file a Motion to Remand. (Dkt. Entry #9.) On August 24, 2011, Plaintiffs filed three motions – 1) a Motion to Remand for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c), 2) a Motion to Require State Defendants to Answer or Otherwise Respond to Special Complaint ("Motion to Require Answer"), and 3) a Motion for Leave to Amend Special Complaint ("Motion to Amend"). (Dkt. Entries #10, 11, 12.) A brief in support of the Motion to Remand was filed on August 28, 2011, but no supporting briefs were filed for the Plaintiffs' remaining two motions. (Dkt. Entry #15.) The Motion to Require Answer and the Motion to Amend are contingent upon the Court's denial of the Plaintiffs' motion to remand. (Mot. to Require Answer); (Mot. to Amend.)

On September 1, 2011, VitalChek indicated to the Court that they consented to Plaintiffs' requested abeyance of the Motion to Dismiss, and filed a Proposed Order for Adjournment. (Dkt. Entry #17.) This Court subsequently denied the request to adjourn the Motion to Dismiss

**NOT FOR PUBLICATION**

on September 13, 2011.  (Dkt. Entry #20.)  This Letter Order is the subject of Plaintiffs' Motion for Reconsideration.  (Mot. for Recons. at 5.)  Plaintiffs argue that reconsideration of this letter order is necessary in order to correct a clear error of law.  (Mot. for Recons. at 10.)

## STANDARD OF REVIEW

Local Civil Rule 7.1(i) allows a party to seek a motion for reconsideration within 14 days after entry of the judgment, and directs the party seeking reconsideration to submit "a brief setting forth the matter or controlling decisions which the party believes the Judge . . . has overlooked."  L. Civ. R. 7.1(i) (as amended by Order of Chief Judge Garrett E. Brown, March 1, 2010).  The Third Circuit has held that the "purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence."  Max's Seafood Café ex rel. Lou-Ann v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citation omitted).

Reconsideration motions, however, may not be used to relitigate old matters, nor to raise arguments or present evidence that could have been raised before the entry of judgment.  Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2810.1.  "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden."  Gutierrez v. Ashcroft, 289 F. Supp. 2d 555, 561 (D.N.J. 2003) (quoting G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990)).  Such motions will only be granted where (1) an intervening change in the law has occurred, (2) new evidence not previously available has emerged, or (3) the need to correct a clear error of law or prevent a manifest injustice arises.  North River Ins. Co. v. CIGNA Reins. Co., 52 F.3d 1194, 1218 (3d Cir. 1995).

**NOT FOR PUBLICATION**

Because reconsideration of a judgment after its entry is an extraordinary remedy, requests pursuant to these rules are to be granted "sparingly," and only when "dispositive factual matters or controlling decisions of law" were brought to the court's attention but not considered. Yurecko v. Port Auth. Trans-Hudson Corp., 279 F. Supp. 2d 606, 608-609 (D.N.J. 2003); N.L. Indus. Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996); Pelham v. United States, 661 F. Supp. 1063, 1065 (D.N.J. 1987).

**DISCUSSION**

The Supreme Court in Steel Co. v. Citizens for a Better Environment held that "the requirement that jurisdiction be established [by a federal court] as a threshold matter . . . is inflexible and without exception." 523 U.S. 83 (1998) (quotations omitted). More specifically, a Court must establish that it has Article III jurisdiction before considering the merits of the case. See Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574 (1999) ("Steel Co. held . . . that Article III jurisdiction generally requires a federal court to satisfy itself of its jurisdiction over the subject matter before it considers the merits of a case"); Sinochem International Co. Ltd. v. Malaysia International Shipping Corp., 549 U.S. 422 (2007) ("Steel Co. . . . clarified that a federal court generally may not rule on the merits of the case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction) and the parties (personal jurisdiction)); Bowers v. National Collegiate Athletic Association, 346 F.3d 402 (3rd Cir. 2003) ("Steel Co. should not be understood as requiring courts to answer all questions of 'jurisdiction broadly understood, before addressing the existence of the cause of action sued upon . . . just Article III jurisdiction.").

NOT FOR PUBLICATION

In this case, Plaintiffs' motions concern this Court's Article III jurisdiction over the case. Plaintiffs' Motion for Remand is based upon lack of subject matter jurisdiction. (Mot. to Remand at 9.) VitalChek's Motion to Dismiss, brought pursuant to Fed. R. Civ. P. 12(b)(6), concerns the merits of the case. (Mot. to Dismiss at 5.) See Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 399 n.3 (1981); Post v. Hartford Ins. Co., 501 F.3d 154, 169 (3d Cir. 2007). Since consideration of subject matter jurisdiction is a necessary part of a motion to dismiss, this Court will consider the Motion to Remand, the Motion to Dismiss, and the Motion to Amend together. Pursuant to L. Civ. R. 7.1(f), Plaintiffs' Motion to Amend must be accompanied by a proposed amended complaint, to be filed with the Court by October 24, 2011.

Given that the Motion to Dismiss concerns the status of Defendant VitalChek, consideration of the Motion to Dismiss will not preclude the Court's consideration of the Motion to Require Answer. Plaintiffs' Motion to Require Answer is contingent upon the Court's denial of Plaintiffs' Motion to Remand. Any supporting papers for the Motion to Require Answer should be filed with the Court after a decision on the Motion to Remand is issued, should they be necessary.

## CONCLUSION

Plaintiffs' Motion for Reconsideration is granted and the Court's Letter Order of September 13, 2011 is vacated.

s/ William H. Walls<br>
United States Senior District Judge